IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1837-RGA |
| RUTH ANN MINNER, et al., | : |
| Defendants. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 2, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis,* filed this action in June 2017 in the United States District Court for the Eastern District of New York against Ruth Ann Minner, Jack Markell, John Carney and the Delaware Governor's Office. (D.I. 1). The matter was transferred to this Court in December 2017. (D.I. 5, 6). Jones asserts jurisdiction by reason of a federal question, diversity of citizenship, and the United States government as a defendant. (D.I. 1 at 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

In the Complaint, Jones provides his biography beginning in the first grade to the date of the Complaint. He alleges that "the events that initiated" this case occurred in the Fall of 2015, when for the third time that year, his roommate/mother contacted the police and mobile crisis intervention services. (D.I. 1 at 16). Plaintiff provided police and mobile crisis evidence, they interviewed the complainant, left, only to return the next day and forcefully hospitalize Plaintiff. (*Id.*). It was the third (or sixteenth, *see* id. at 8) time that Plaintiff was forcefully hospitalized. (*Id.* at 16). After he was released, Plaintiff filed an action in this Court, *Jones v. Crisis Intervention*, Civ. No. 16-410-RGA, which was dismissed for lack of jurisdiction. (*Id.* at 17). That judgment was affirmed by the Court of Appeals at No. 17-1585.

The Complaint alleges that Defendants are identity thieves. (*Id.* at 23). Plaintiff explains that they "are fully staffed by employees who are capable of doling out life-ending drugs but have not received the proper education, or any, and do not live in the

1

names and appearances of which they were born; therefore, they have no legal standing." (*Id.*). The Complaint goes on to allege, "Defendants attempted to murder [Plaintiff] and assaulted [him] on three or more occasions. They were all knowing in their misdiagnosis and malicious care." (*Id.* at 32).

Plaintiff alleges that as a child he contacted Defendants Ruth Ann Minner and Jack Markell. (*Id.* at 33). The Court takes judicial notice that Minner was the Governor of the State of Delaware from 2001 to 2009. *See* https://ballotpedia.org/Ruth_Ann_Minner (last visited Sept. 11, 2018). Plaintiff alleges that he was invited to Minner's inaugural ball. (D.I. 1 at 33). Plaintiff alleges that his first mental health detention occurred after a Milford, Delaware traffic stop. (*Id.*). He states that Governor Minner resides in Milford where the Minner Towing Company is located. (*Id.*).

Markell visited Plaintiff's home in the late 1990's and Plaintiff received birthday cards from his office from 1999 to 2012. (*Id.*). Plaintiff was invited to two of Markell's inaugurals and once to his Governor's banquet. (*Id.*). He alleges that Markell denied Plaintiff's pardon request when it reached his office in 2016. (*Id.*). The Court takes judicial notice that Markell was the State Treasurer of Delaware from 1999 to 2009, and the Governor of the State of Delaware from 2009 to 2017. *See* http://www.jag.org/board-of-directors/governor-jack-markell (last visited Sept. 11, 2018).

Plaintiff alleges that before he filed his lawsuits he "pled for an investigation into [his] life." (D.I. 1 at 34). Plaintiff alleges that he found all his evidence without any help from his "justice related government resources." (*Id.*). Even though he has shared the information, no action has been taken on his behalf. (*Id.*).

2

Plaintiff contacted "the Governor" (presumably current Governor John Carney) and former Governor Jack Markell. (*Id.*). Plaintiff alleges that he "received many violent threats over the years and [has] been stalked online by Markell's profile name, Alan.Jackson@state.de.us." (*Id.* at 35). He alleges that he interviewed Carney last fall at the Apple Scrapple Festival in Bridgeville, Delaware. (*Id.* at 35). During the interview, Plaintiff told Carney, among other things, that he was kidnapped, removed from his parents at birth and conditioned for sexual slavery by the Delaware police. (*Id.*). The Court takes judicial notice that Carney served as Lieutenant Governor of the State of Delaware from 2001 to 2009, served as a representative for the United States House of Representatives from 2011 to 2017, and has served as governor of the State of Delaware since January 17, 2017. *See* https://governor.delaware.gov/about-governor-john-carney/ (last visited Sept. 11, 2018).

Plaintiff alleges that "someone lived in [his] identity in Delaware, [and the person was] ordered to pay [monies] by the Delaware Superior and Family Courts of New Castle County." (*Id.* at 34-35). The person was tried in Plaintiff's name using his address and social security number. (*Id.* at 35). Plaintiff called Defendant Governor's Office but could not learn any more about the cases. (*Id.*). Plaintiff alleges Defendants and their influence made sure that Plaintiff's nose and toes have stayed broken. (*Id.*). They have "shut [him] up to die" in mental health facilities and multiple times in prison. (*Id.*).

Jones alleges numerous violations of federal criminal law and amendments of the United States Constitution. (*Id.* at 12-15). He seeks two billion dollars in damages, to have his actual identity restored, justice to be served on his assailants, his

3

actual name and birth date to be authenticated, and his background history to be appropriately amended. (*Id*. at 40).

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the

4

Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions are therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding

5

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Court liberally construes the complaint as attempting to raise claims under 42 U.S.C. § 1983 given that Plaintiff refers to certain amendments of the United States Constitution. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

The allegations in the complaint are legally and factually frivolous. As pled, there is no *legal* basis for Jones' claims against the named defendants for the following reasons. None of the factual allegations involving the named Defendants plausibly state a constitutional violation. Many of the allegations are directed towards individuals who are not named defendants. One of the defendants, Delaware Governor's Office, is not a "person" under § 1983 and cannot be sued. *See, e.g., Pettaway v. SCI Albion,* 487 F. App'x 766, 768 (3d Cir. 2012) (state department of corrections is not a "person" under the statute and cannot be sued under § 1983).

The claims against former Governor Minner are time-barred, as are the claims against Markel when he served as State Treasurer and against Carney when he served as Lt. Governor. Many of the claims against Markell when he served as Governor would also be time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions, *Wilson v. Garcia,* 471 U.S. 261, 275 (1983), and in Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119. Minner's, Markel's, and Carney's terms as governor,

6

treasurer, and lieutenant governor ended in in 2009. This case was filed in 2017. Any claims raised that occurred prior to June 12, 2015 are time-barred.

The Complaint relies upon numerous federal criminal statutes including 18 U.S.C. §§ 2251, 1035, 1001, 1018, 1028, 1028A, 1016, 371, 242, 241, 876, 2255, 880, 1015, 231, 1201, 1038, 1113, 1117, 1584, 1589, 1590, 1591, 2236, 2241, 2248, 2242, 2252, and 249. To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Finally, after thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims raised by Jones against Defendants are frivolous. The only *factual* allegations that are not "fantastic and delusional" are the ones that are innocuous. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Complaint contains some allegations that could give rise to a claim against individuals who are not named as defendant. Although I am doubtful that Jones may be able to articulate a claim against alternative defendants, he will be given an opportunity to amend his pleading.

7

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff will be given an opportunity to amend his pleading

An appropriate order will be entered.